Leonard C. **BREAUX**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Respondent-Appellee.

No. 71–1959.

United States Court of Appeals, Fifth Circuit.

Aug. 24, 1971.

---

2. The prosecution did not introduce into evidence at trial the identifications at the lineup at Ft. Meyer.

Leonard C. Breaux, pro se.

Frank T. Salter, Jr., Dist. Atty., 14th Judicial Dist., Lake Charles, La., respondent-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ The appellant, a Louisiana State prisoner, sought habeas corpus relief in the district court on the ground that he had been denied his right to a direct appeal from his state court conviction for aggravated battery. After conducting an evidentiary hearing on the merits, the district court denied his habeas petition. Finding no error in the ruling, we affirm the judgment below.[1]

■ The transcript of his federal plenary hearing discloses that the appellant was originally represented by court-appointed counsel. Prior to his trial, however, the appellant dismissed that attorney and retained other counsel, though no fee arrangement was made between the two. At the hearing the appellant's retained attorney testified, as the appellant conceded, that he had informed his client of his right to appeal the conviction. Counsel further testified that he advised the appellant that there were no grounds for an appeal and that it would be in his best interest to by-pass the appeal and expend his efforts having the other charges outstanding against him dismissed.[2] The attorney stated that the appellant agreed to this strategy. The appellant testified to the contrary. Both, however, did testify that the appellant's sentencing court was not informed of any desire or intent on the part of the appellant to appeal.

On the basis of this testimony, the district court concluded that the appellant was not denied any federally-protected right. His failure to seek timely review of his conviction was due to his own inaction. Furthermore the state had no duty to provide him with an appeal because, represented by counsel of his own choosing, he did not inform any state official of his desire to appeal his conviction. We agree. McGriff v. Wainwright, 5th Cir. 1970, 431 F.2d 897; Langford v. Alabama, 5th Cir. 1969, 422 F.2d 760, cert. denied, 1970, 400 U.S. 851, 91 S.Ct. 69, 27 L.Ed.2d 88.

Accordingly the judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

2. The outstanding charges against the appellant were four counts of simple battery, two counts of theft, and one count of burglary. He pled guilty to the simple battery offenses and received concurrent six-month sentences, running concurrently with the sentence he is now serving. All other charges were dismissed.